# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>ANTONIO COLLINS,<br><br>DEBTOR. | EASTERN DIVISION<br>HON. CAROL A. DOYLE<br><br>CASE NO. 19-BK-11498<br>CHAPTER 13<br><br>HEARING DATE: AUGUST 27, 2019<br>HEARING TIME: 10:30 A.M. |

## OBJECTION TO PLAN CONFIRMATION

The City of Chicago ("City") objects to confirmation of the Debtor's proposed chapter 13 plan. The plan as proposed does not comply with the requirements of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Code"), and thus cannot be confirmed.

## TREATMENT OF THE CITY'S CLAIM

The City has a secured claim in the amount of $15,108.71. See Claims Register 6-1. Debtor Antonio Collins has filed a chapter 13 plan [Docket 32] ("Plan") which provides that the City's secured claim for water charges will be paid in regular

monthly payments; see Plan, § 3.2. The amount of the proposed payment is $30.00 per month.

## REQUIREMENTS FOR CONFIRMATION

Section 1325(a)(5) of the Code, 11 U.S.C. § 1325(a)(5), provides three ways for a debtor to deal with secured claims in a plan. Paragraph 1325(a)(5)(A) allows for confirmation if the creditor accepts the plan, but the City does not accept the Debtors' proposed treatment of its claim. The Debtor is not proposing to surrender the collateral securing the City's claims (a house), which would satisfy paragraph 1325(a)(5)(C). So, to confirm a plan, the Debtor must provide the City with the treatment mandated by paragraph 1325(a)(5)(B), which, as it relates to this case, requires that, with respect to each allowed secured claim provided for by the plan,

> (i) the plan provides that—
>
>> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>>
>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>
>>> (bb) discharge under section 1328; and
>>
>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if—

> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts[.]

Moreover, under Code § 1325(a)(1), the plan must comply with the other provisions of Chapter 13. Under Code § 1322(d), the maximum term of a plan may not exceed five years.

## OBJECTION: INSUFFICIENT PAYMENTS / TERM OF PLAN

As noted, the City has a secured claim in the amount of $15,108.71. The Plan proposes to pay the City $30.00 per month. The term of the Plan per section 2.1 is 60 months, which would result in payment of $1,800.00, i.e., less than 12% of the City's claim. This situation presents one of three scenarios, none of which allows for plan confirmation:

A. Payment of less than the amount of the City's secured claim, in violation of Section 1325(a)(5)(B)(ii);

B. A balloon payment at some point, which would violate the "equal monthly amounts" requirement of Section 1325(a)(5)(B)(iii)(I); or

C. A plan term substantially longer than five years, which would violate Section 1322(d) and thus Section 1325(a)(1).

Since the Plan violates at least one of the cited provisions of Section 1325(a), confirmation must be denied.

## CONCLUSION

For the foregoing reasons, the Plan does not comply with multiple requirements of Section 1325(a), and therefore confirmation should be denied.

DATED: AUGUST 16, 2019                        RESPECTFULLY SUBMITTED,

**THE CITY OF CHICAGO**

Mark Flessner
Acting Corporation Counsel

By: /s/ Charles A. King
     Assistant Corporation Counsel

David P. Holtkamp (6298815)
Senior Assistant Corporation Counsel
Charles A. King (6216362)
Assistant Corporation Counsel
**CITY OF CHICAGO, DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:   (312) 742-0019
Email: David.Holtkamp2@cityofchicago.org
       Chuck.King@cityofchicago.org

## CERTIFICATE OF SERVICE

I, Charles A. King, an attorney, hereby certify that on August 16, 2019, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Charles A. King

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Nicholas J. Landi | nlandi@semradlaw.com |
| Corey Walters | cwalters@semradlaw.com |
| Brenda Ann Likavec | ND-One@il.cslegal.com |
| Grant W. Simmons | ND-Two@il.cslegal.com |
| Tom Vaughn | ecf@tvch13.net |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |